UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ANTHONY BRIAN MALLGREN,

                          Plaintiff,                        **MEMORANDUM & ORDER**
                                                                           13-CV-2654 (MKB)

                    v.

UNITED STATES COURT CLERK – JOHN DOE,

                          Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On April 29, 2013, Plaintiff Anthony Brian Mallgren filed the above-captioned *pro se* action against a John Doe Court Clerk at the United States Court of Appeals for the Second Circuit. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Complaint is dismissed. Plaintiff is warned that the future filing of vexatious and frivolous litigation may result in sanctions, including limitations on filing.

**I. Background**

Plaintiff's lengthy litigation history is recounted in this Court's March 11, 2014 Memorandum & Order in *Mallgren v. American Psychiatric Association, et al.*, No. 13-CV-2211, slip op. (E.D.N.Y. Mar. 11, 2014) (dismissed for failure to state a claim). By Orders dated May 2, 2013 in *Mallgren v. Motion Recruitment Partners Inc., et al.*, No. 13-CV-1054, *Mallgren v. John Doe Corporation*, No. 13-CV-1265, and *Mallgren v. Bloomberg, et al.*, No. 13-CV-1466, Plaintiff was warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court.

According to the instant Complaint, Plaintiff filed documents in a pending appeal in the United States Court of Appeals for the Second Circuit, Docket No. 13-709. (Compl., "Statement of Claim" ¶ 1.) Plaintiff alleges that an unidentified court clerk "recklessly or maliciously erred in this case." (*Id.* ¶ 5.) He states that "Mallgren had then discovered that the document had been found defective" because certain documents were missing. (*Id.* ¶ 2.) He alleges that as a result of this action, he has suffered emotional and mental injuries. He seeks "an order for specific performance ordering the clerk to correct the mistakes" and unspecified monetary damages. (Compl., "Relief" ¶¶ 1-2.)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court is required to dismiss *sua sponte* an *in forma pauperis* action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff's Suit is Barred

Plaintiff's Complaint fails to state a claim upon which relief can be granted, warranting dismissal. Plaintiff's claim is also dismissed because the unnamed court clerk is immune from suit. It is well-settled that judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (explaining that judges "generally have absolute immunity from suits for money damages for their judicial actions" (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) and *Forrester v. White*, 484 U.S. 219, 225–26 (1988))). Absolute judicial immunity extends to court clerks who are performing tasks "which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *see also Jackson v. Pfau*, 523 F. App'x 736, 737 (applying judicial immunity to court clerks (citing *Rodriguez*, 116 F.3d at 66)). Judicial immunity applies even if the "exercise of authority is flawed by the commission of grave procedural errors," *Basile v. Connolly*, 513 F. App'x. 92, 94 (2d Cir. 2013) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)), or if the "judge acted 'in excess of his or her jurisdiction' or authority," *id*. (quoting *Maestri v. Jutkofsky*, 860 F.2d 50, 52 (2d Cir. 1988)); *see also Collins v. Miller*, No. 06-CV-5179, 2007 WL 2891414, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]bsolute judicial immunity 'is not overcome by allegations of bad faith or malice,' nor can a judge 'be deprived of immunity because the action he took was in error . . . or was in excess of his authority.'" (quoting *Mireles*, 502 U.S. at 11)), *aff'd*, 338 F. App'x 34 (2d Cir. 2009). The Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983), specifically extends judicial immunity to most actions seeking prospective injunctive relief.

Plaintiff seems to allege that the clerk erred by not sending him notice of the necessary procedures to maintain his case, without which his case would be dismissed. This task of informing litigants of the proper procedures for litigating their cases is "an integral part of the judicial process." *Rodriguez*, 116 F.3d at 67 ("Even when functions that are more administrative in character have been undertaken pursuant to the explicit direction of a judicial officer, that officer's immunity is also available to the subordinate." (citation, ellipses and internal quotation marks omitted)). The clerk's action is thus protected from suit by the absolute immunity accorded to the courts. Therefore, Plaintiff's claims against the John Doe court clerk are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### III. Conclusion

For the foregoing reasons, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The Court renews its warning to Plaintiff that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB  
MARGO K. BRODIE  
United States District Judge

Dated: March 12, 2014  
      Brooklyn, New York